9UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ROMEO WILLIAMS,

                                    Plaintiff,              9:25-1503
                                                           (ECC/MJK)
              v.

JOHN DOE #1, Correctional Officer, et al.,

                                    Defendants.

_____

APPEARANCES:

ROMEO WILLIAMS
Plaintiff, pro se
14-B-2281
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

ELIZABETH C. COOMBE
United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

On October 27, 2025, pro se plaintiff Romeo Williams ("plaintiff") commenced this action by submitting a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983), with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 3 ("IFP Application").  The complaint asserted claims related to plaintiff's confinement in the custody of the Department of Corrections and Community Supervision ("DOCCS").  *See generally* Compl.

By Decision and Order filed on April 7, 2026 (the "April 2026 Order"), this Court granted plaintiff's IFP Application and reviewed the sufficiency of the complaint in accordance

with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Dkt. No. 8.  On the basis of that review, the Court dismissed plaintiff's complaint for failure to state a claim.  *Id.*  In light of plaintiff's pro se status, the Court provided plaintiff with an opportunity to amend his complaint.  *Id*.

On July 14, 2026, plaintiff filed an amended complaint.  Dkt. No. 11 ("Am. Compl.").

## II.    SUFFICIENCY OF AMENDED COMPLAINT

### A.  Legal Standard

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was discussed at length in the April 2026 Order and will not be restated in this Decision and Order.  *See* Dkt. No. 8 at 2-4.

### B.  Summary of Amended Complaint

With the amended complaint, plaintiff identifies the following individuals as new defendants: Correctional Officer Scott A. Hamburg ("Hamburg"), Correctional Officer Joseph A. Russo ("Russo"), Correctional Officer Robert P. Deep ("Deep"), Correctional Officer Megan Lamonica ("Lamonica"), Correctional Officer Cory J. Murphy ("Murphy"), Correctional Officer J. Charles ("Charles"), Correctional Officer N. Vitale ("Vitale"), Correctional Officer Banks ("Banks"), Sergeant Lorraine S. Butler ("Butler"), and Nurse Shirley Dionne ("Dionne").[1]  *See* Am. Compl. at 1.  The amended complaint also includes allegations against previously named defendants Correctional Officers Jason C. Waters ("Waters"), Ryan A. Giordano ("Giordano"), Jamie J. Napoli ("Napoli"), and Josiah R. Millington ("Millington").  *See id.*  The complaint does not include any claims against Correctional Officer John Doe #1,

---

[1]  The Clerk of the Court is directed to amend the Docket Report to include these defendants.

who was named as a defendant in the original complaint.[2]  *See id.*  The following facts are set forth as alleged by plaintiff in his amended complaint.

On May 27, 2022, plaintiff was housed in the Residential Mental Health Unit ("RMHU") at Marcy Correctional Facility ("Marcy C.F.").  Am. Compl. at 2.  Between 10:20 a.m. and 10:45 a.m., plaintiff was in his cell, A-1-3, "sitting on the toilet" when the cell door opened and the defendants "rushed" into his cell.  *Id*.  Plaintiff stood up and attempted to pull his pants on when Hamburg hit him with "some sort of armored riot shield causing [plaintiff] to fall backwards flipping over [. . .] the toilet."  *Id*. at 3-4, 16.  Banks, Napoli, and Butler sprayed plaintiff with "O/C spray" and kicked plaintiff while he was on the cell floor trying to protect himself from "strikes."  *Id.* at 4, 18-19.  Russo and Waters sprayed, kicked, and punched plaintiff and Lamonica "laid the weight of her body across plaintiff's legs" and pinned plaintiff to the floor.  Am. Compl. at 4, 16-18.  Giordano punched, kicked, sprayed, and hit plaintiff with his radio.  *Id*. at 17.  Plaintiff did not resist.  *Id*. at 4.

Plaintiff was restrained with handcuffs and shackles.  Am. Compl. at 5.  Millington punched and kicked plaintiff with a metal object while plaintiff was restrained.  *Id*. at 16-17.  Murphy "dragged" plaintiff to the cell door, kicked him, and "pulled on the leg restraint chains.  *Id*. at 5, 18.  Plaintiff was moved to the Residential Crisis Treatment Program area and put in a "scalding hot shower," while still restrained.  *Id*. at 5-6.  Vitale, Charles, and Deep continued to assault and beat plaintiff for "2-3 minutes."  Am. Compl. at 6.  Deep kicked plaintiff in the genital area and held plaintiff's head under "scalding" water.  *Id*. at 17.  Vitale brought plaintiff to his feet by "grabbing and jacking" his arms up by the handcuffs.  *Id.*  Charles put his hand in plaintiff's pants and "digitally penetrated [plaintiff's] anal cavity with his finger."  *Id*. at 19.

---

[2]  The Clerk of the Court is directed to amend the Docket Report to terminate this defendant.

Vitale escorted plaintiff to the strip frisk area.  Am. Compl. at 7.  While plaintiff was in the strip frisk area, Dionne came into the room and told plaintiff, "you're not going to die" and directed officers to return plaintiff to his cell.  *Id.* at 7-8.  Dionne did not provide any medical attention and "doctored up plaintiff's medical reports to suggest that plaintiff's injuries were superficial."  *Id*. at 8-9.

Plaintiff returned to his cold cell without clothing or running water.  Am. Compl. at 9-10. Plaintiff was beaten again by unknown officers.  *Id*. at 10.  As Dionne walked by plaintiff's cell, he called out to her for medical attention.  *Id*.  Dionne denied his request.  *Id.*  Plaintiff remained in the cell, with only a smock.  Am. Compl. at 11.  Lamonica refused to provide a food tray.  Id.

Butler fabricated a report accusing plaintiff of having a weapon in his cell, covering his windows, and assaulting officers.  Am. Compl. at 14-15, 20.  As a result, plaintiff was sentenced to an additional term of incarceration.  *Id*. at 15.

At approximately 4:20 p.m., plaintiff was transferred to Mohawk Correctional Facility ("Mohawk C.F.").  Am. Compl. at 11.  Plaintiff was transferred again from Mohawk C.F. to Coxsackie Correctional Facility ("Coxsackie C.F.") where plaintiff was examined, via Tele-Health, by a doctor affiliated with Albany Medical Center.  *Id*. at 12.  Plaintiff was immediately transported to the emergency room to "address [his] medical condition/needs as a result of the assault."  *Id*.  Plaintiff received an eye patch, sutures over his eyes, and was diagnosed with a contusion.  *Id*. at 13.

Construing the amended complaint liberally[3], plaintiff alleges the following: (1) Eighth Amendment excessive force and failure-to-intervene claims; (2) Eighth Amendment deliberate medical indifference claim; (3) Eighth Amendment claims related to conditions in plaintiff's cell; (4) claims based upon a false misbehavior report; and (5) state law claims. *See generally* Am. Compl.  Plaintiff seeks monetary damages.  *Id*. at 28-29.

## C.  Analysis

### 1.  Excessive Force and Failure-to-Intervene Claims

As noted in the April 2026 Order, the Eighth Amendment's prohibition against cruel and unusual punishment encompasses the use of excessive force against an inmate, who must prove two components: (1) subjectively, that the defendant acted wantonly and in bad faith, and (2) objectively, that the defendant's actions violated "contemporary standards of decency."  *Blyden v. Mancusi*, 186 F.3d 252, 262–63 (2d Cir. 1999) (internal quotations omitted) (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). The key inquiry into a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  *Hudso*n, 503 U.S. at 7 (citing *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986)); *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973).

---

[3] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised.  In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

"Because sexual abuse of a prisoner by a corrections officer may constitute serious harm inflicted by an officer with a sufficiently culpable state of mind, allegations of such abuse are cognizable as Eighth Amendment claims." *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997). "A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." *Crawford v. Cuomo*, 796 F.3d 252, 256-57 (2d Cir. 2015).

Similarly, allegations that an officer failed to intervene are sufficient to state an Eighth Amendment failure to protect claim. *See Rogers v. Artus*, No. 13-CV-21, 2013 WL 5175570, at *3 (W.D.N.Y. Sept. 11, 2013). "A state actor may be held liable for failing to prevent another state actor from committing a constitutional violation if '(1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene.' " *Tafari v. McCarthy*, 714 F.Supp.2d 317, 342 (N.D.N.Y. 2010) (citations omitted).

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, the Court finds that plaintiff's excessive force claims and failure-to-intervene claims against Waters, Giordano, Napoli, Millington, Hamburg, Russo, Deep, Murphy, Vitale, Banks, Butler, Lamonica, and Charles are sufficiently pled.

### 2. Deliberate Medical Indifference

The law related to deliberate medical indifference claims was discussed in the April 2026 Order and will not be restated herein. In the April 2026 Order, the Court dismissed this claim concluding:

6

> Even assuming, for the purposes of this review, that plaintiff suffered from a medical condition that satisfies the objective requirement of an Eighth Amendment analysis, the complaint does not plausibly suggest that any named defendant was deliberately indifferent to plaintiff's medical needs. Plaintiff does not allege that he requested, and was denied medical treatment from any named defendant. As noted supra, while the complaint contains facts related to plaintiff's interaction with a nurse, the nurse is not named as a defendant in the caption or list of parties.

Dkt. No. 8 at 8.

With the amended complaint, plaintiff identified Dionne as a defendant and claims that Dionne refused to provide treatment and ignored his complaints. At this juncture, plaintiff has sufficiently pled an Eighth Amendment deliberate indifference claim against Dionne.

### 3. Conditions of Confinement

"To demonstrate that the conditions of confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an objective test and a subjective test." *Jolly v. Coughlin*, 76 F.3d 468,480 (2d Cir. 1996) (citation omitted).

To satisfy the objective element, "the plaintiff must demonstrate that the conditions of his confinement result 'in unquestioned and serious deprivations of basic human needs.' " *Jolly*, 76 F.3d at 480 (citation omitted). "[T]he inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citation omitted). With respect to the subjective element, plaintiff must "demonstrate that the defendants imposed those conditions with 'deliberate indifference.' " *Jolly*, 76 F.3d at 480 (citation omitted). To constitute deliberate indifference, "[t]he prison official must know of, and disregard, an excessive risk to inmate health or safety." *Walker*, 717 F.3d at 125.

7

As presently pled, the complaint does not contain sufficient facts to satisfy either prong of the Eighth Amendment analysis. While plaintiff alleges that he was denied running water, clothes, and food, the complaint lacks dates, times, duration, or any other substantive information related to the alleged deprivations.

Even assuming plaintiff had alleged facts that satisfied the objective prong of the Eighth Amendment analysis, the amended complaint lacks facts suggesting that any defendant was personally involved or responsible for plaintiff's conditions of confinement. Plaintiff does not allege that any defendant personally deprived him of clothes or food or that he made any complaints about his conditions to any named defendant. The only reference to any defendant is Lamonica and the claim that he "refused to give [plaintiff] a food tray." *See* Am. Compl. at 11. Even assuming the truth of this assertion, the amended complaint lacks facts related to when this occurred, how often it occurred, and whether was deprived entirely of food for any period of time. While "a substantial deprivation of food may well be recognized as being of constitutional dimension," *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983), numerous courts have found that the mere allegation that an inmate was denied one meal does not give rise to a cognizable Eighth Amendment claim. *See Johnson v. Gagnon*, No. 9:14-CV-0916 (MAD/DEP), 2015 WL 1268199, at *11 n.10 (N.D.N.Y. Mar. 19, 2015) (dismissing the plaintiff's conditions of confinement claim where plaintiff alleged he missed a single meal); *Konovalchuk v. Cerminaro*, No. 9:11-CV-1344 (MAD/CFH), 2014 WL 272428, at *21 (N.D.N.Y. Jan. 24, 2014) (dismissing the plaintiff's conditions of confinement claim where plaintiff alleged he missed two consecutive meals during a transport); *Gill v. Hoadley*, 261 F.Supp.2d 113, 129 (N.D.N.Y. 2003) (finding that complaint failed to state Eighth Amendment claim where prisoner alleged he was denied one meal); *see also Crichlow*

*v. Annucci*, No. 9:21-CV-0692 (DNH/TWD), 2022 WL 179917, at *19 (N.D.N.Y. Jan. 20, 2022) (dismissing Eighth Amendment claim because the pleading failed to allege how many times the plaintiff missed meals, or when the deprivations occurred, or whether the deprivation resulted in a danger to his health).

Consequently, the Eighth Amendment claims related to plaintiff's conditions of confinement are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 4. False Misbehavior Report

To the extent that the amended complaint could be read to include a claim against Butler related to a false misbehavior report, that claim is dismissed. It is well settled that "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied*, 485 U.S. 982 (1988)); *accord, Pittman v. Forte*, No. 9:01-CV-0100, 2002 WL 31309183, at *5 (N.D.N.Y. July 11, 2002) (Sharpe, M.J.); *see also Santana v. Olson*, No. 07-CV-0098, 2007 WL 2712992, at *2 (W.D.N.Y. Sept. 13, 2007) ("[T]he filing of a false behavior report by a correctional officer does not state a claim for relief."). The only way that false accusations contained in a misbehavior report can rise to the level of a constitutional violation is when there has been more, such as "retaliation against the prisoner for exercising a constitutional right." *Boddie,* 105 F.3d at 862. In addition, "[t]he filing of a false report does not, of itself, implicate the guard who filed it in constitutional violations which occur at a subsequent disciplinary hearing." *Williams v. Smith*, 781 F.2d 319, 324 (2d Cir. 1986) (rejecting prisoner's "but for"

argument as to guard who prepared misbehavior report but was not involved in Tier III hearing) (citation omitted).

Here, plaintiff has not alleged that Butler acted with retaliatory motives. Accordingly, claims based on the allegedly false misbehavior report are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), for failure to state a claim upon which relief may be granted.

### 5. State Law Claims

With the amended complaint, plaintiff asserts the following state law claims: (1) assault and battery; (2) negligent infliction of emotional distress; (3) intentional infliction of emotional distress; and (4) sexual assault against Charles. *See* Am. Compl. at 27.

"[A] cause of action under 42 U.S.C. § 1983 may not be premised solely on a violation of state law." *O'Neil v. Bebee*, No. 5:09-CV-1133 (GTS/DEP), 2010 WL 502948, at *7 n.15 (N.D.N.Y. Feb. 10, 2010). However, a court may choose to exercise supplemental jurisdiction over pendent state law causes of action pursuant to 28 U.S.C. § 1367 where the state law causes of action "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a).

Here, plaintiff's assault, battery, negligent infliction of emotional distress, and intentional infliction of emotional distress claims are based on the same allegations that give rise to the deliberate indifference claims, which have survived sua sponte review. As a result, the Court will exercise supplemental jurisdiction over plaintiff's related state law claims.

To the extent plaintiff seeks to advance a criminal sexual assault/abuse claim against Charles, such claim should be dismissed with prejudice because "[a]n individual plaintiff has

10

no private right of action to enforce state criminal statutes." *Berger v. NYS Office for People with Developmental Disabilities*, 2016 WL 11265988, at *6 (N.D.N.Y. Nov. 8, 2016), *report and recommendation adopted,* 2017 WL 696686 (N.D.N.Y. Feb. 22, 2017) (citations omitted); *Harper v. New York Child Welfare Comm'rs*, No. 3:12-CV-0646  (NAM/DEP), 2012 WL 3115975, at *4, n.7 (N.D.N.Y. May 14, 2012) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)).  Only government prosecutors have the authority to bring criminal charges against someone.  If plaintiff believes he has been the victim of a crime, he should contact the appropriate law enforcement official.[4]   Accordingly, plaintiff lacks standing to request this relief.  *See id.; see also Ross v. Reed,* No. 1:13-CV-143, 2013 WL 1326947, at *2 (S.D. Ohio Mar. 5, 2013) (holding that the plaintiff is not "permitted to utilize this civil lawsuit as a vehicle to initiate any federal or . . . state criminal charges.") (citing, *inter alia, Leek v. Thomas*, No. 09–3036, 2009 WL 1298499, at *3 (D.Kan. May 8, 2009) (and cases cited therein) (dismissing on screening the portion of a civil rights complaint requesting the initiation of a criminal prosecution and for disciplinary action against defendants because those matters were "beyond the authority of this court and therefore are not proper requests for relief") *report and recommendation adopted,* 2013 WL 1314735 (S.D. Ohio Mar. 28, 2013). Therefore, this claim is dismissed with prejudice.

### 4. Timeliness Issues

---

[4]  If plaintiff believes the crime is a violation of federal law, he should contact the United States Attorney's Office for the district in which the crime is alleged to have occurred.  If plaintiff believes the crime is a violation of state law, he should contact the police or the District Attorney's Office for the county in which the crime is alleged to have occurred.

In the April 2026 Order, the Court noted that while plaintiff's excessive force claims against Waters and Giordano were sufficiently plead, the claims appeared to be untimely. *See* Dkt. No. 8 at 10-11.  The Court held:

> As presently constituted, the complaint lacks facts implicating a continuing violation related to the excessive force claims. Rather, Plaintiff's claims are based on discrete events that were completed more than five months before the October 20, 2022 limitations date. Moreover, equitable tolling is available in "rare and exceptional" cases where "extraordinary circumstances prevented a party from timely performing a required act," and "the party acted with reasonable diligence throughout the period" to be tolled. *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005). An inmate's claims are tolled for statute of limitations purposes while exhausting administrative remedies in accordance with PLRA requirements. *Gonzalez v. Hasty*, 651 F.3d 318, 323–24 (2d Cir. 2011). As the Second Circuit recognized in *Abbas*, New York law recognizes the equitable tolling doctrine where a plaintiff demonstrates that he was induced by fraud, misrepresentations, or deception to refrain from timely commencing an action, and that he acted with due diligence throughout the period to be tolled. *Abbas*, 480 F.3d at 642; *see also Gonzalez*, 651 F.3d at 322 ("Equitable tolling is an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances."). "[E]quitable tolling is [also] applicable to the time period during which a prisoner-plaintiff is exhausting his administrative remedies pursuant to the PLRA." *Gonzalez*, 651 F.3d at 323. The plaintiff bears the burden of establishing equitable tolling. *Abbas*, 480 F.3d at 642. Here, plaintiff does not invoke equitable tolling, nor does he "articulate[ ] any acts by defendants that prevented him from timely commencing suit." *Id.* at 642.

Dkt. No. 8 at 12.  The Court directed plaintiff to provide facts supporting tolling in any amended pleading filed.  See id. at 13.

With the amended complaint, plaintiff addressed the timeliness issue.  *See* Am. Compl. at 21-25.  Plaintiff claims the statute of limitations was "suspended" while plaintiff "heal[ed]" from his injuries.  *Id.* at 21.  Due to the severity of his injuries, his "accrual date" was "pushed" from May 27, 2022 "to a later date."  *Id.* at 22.  Plaintiff also asserts that the

12

statutory period was tolled while he attempted to file multiple grievances and complaints, which "DOCCS refused to file or record."  *Id.* at 22-23.

"[T]he statute of limitations is an 'affirmative defense' for which [d]efendants 'bear the burden of proof[.]' "  *Corines v. Cnty. of Westchester, New York*, No. 22-CV-5179, 2024 WL 1257093, at *4 (S.D.N.Y. Mar. 25, 2024), *appeal dismissed* (Sept. 11, 2024).  "Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading."  *Davis v. NYS Off. of Child. & Fam. Servs.*, No. 20-CV-1480, 2021 WL 1193044, at *4 (E.D.N.Y. Mar. 30, 2021) (citations omitted).  At this juncture, in light of plaintiff's pro se status, the Court finds that plaintiff has sufficiently addressed the issue of timeliness to allow him to proceed with his claims.[5]

## III.    CONCLUSION

**WHEREFORE, it is hereby**

**ORDERED** that the amended complaint (Dkt. No. 11) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall amend the Docket Report consistent with this Decision and Order; and it is further

**ORDERED** that the following claims survive review and require a response:  (1) Eighth Amendment excessive force claims against Hamburg, Banks, Napoli, Butler, Russo, Waters, Lamonica, Giordano, Millington, Murphy, Vitale, Charles, and Deep; (2) Eighth Amendment deliberate medical indifference claims against Dionne; and (3) state law claims for assault,

---

[5]  Nothing in this decision precludes defendants from asserting the statute of limitations as an affirmative, and the Court expresses no opinion as to whether the constitutional claims can withstand a properly filed dispositive motion.

battery, negligent infliction of emotional distress, and intentional infliction of emotional distress; and it is further

**ORDERED** that the following claims are **DISMISSED**:  (1) Eighth Amendment conditions of confinement claims; and (2) claims based upon the receipt of a false misbehavior report; and it is further

**ORDERED** that the criminal sexual assault/abuse claim is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summonses and amended complaint to the Office of the Attorney General, together with a copy of this Decision and Order, by electronic mail only; and it is further

**ORDERED** that a response to the amended complaint be filed by the defendants, or counsel, as provided for in the Federal Rules of Civil Procedure;

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the

14

Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Dated: July 31, 2026

Elizabeth C. Coombe
U.S. District Judge